Gregory M. Garrison, Esq. (SBN 165215)
GREGORY M. GARRISON, APC
9255 Towne Centre Drive, Suite 500A
San Diego, California 92121
Telephone: (619) 708-1623
greg@garrisonapc.com

Alexander E. Papaefthimiou (SBN 236930)
LAW OFFICE OF ALEX PAPAEFTHIMIOU
215 E. Daily Drive, Suite 28
Camarillo, California 93010
Telephone: (805) 366-3909
Facsimile:  (805) 585-5410
alex@aplitigation.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA BAKER, an individual, TIMOTHY BAKER, an individual, LOUIS KASHMERE, as an individual and as trustee of the SYLVIA CHMIELEWSKI TRUST DATED 3/7/05, DONNA KIRKMAN, as an individual and as trustee of the KIRKMAN FAMILY TRUST, DAVID NEWMAN, an individual, MALI NEWMAN, an individual, DEBBIE PHILLIPS, an individual, RUSSELL PHILLIPS, an individual, KATHY RANDLE, as an individual and as trustee of the KATHY L. RANDLE LIVING TRUST, KERRIE WAITE, an individual, REBECCA WALTON, an individual, GARY VESS, an individual, and RICCARDA VESS, an individual, <br><br> Plaintiffs, <br> v. <br><br> THE PERRY LAW FIRM, A PROFESSIONAL LAW CORPORATION, a California corporation, LARRY M. ROBERTS, an individual, and DOES 1–10, inclusive. <br><br> Defendants. | CASE NO. **8:15-cv-1304** <br><br> **COMPLAINT FOR VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT** <br><br> [15 U.S.C. § 1692, et seq] <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT; DEMAND FOR JURY TRIAL**

**PRELIMINARY STATEMENT**

1. Plaintiffs are consumers who were the target of misleading debt collection communications issued by Defendant debt collectors. Plaintiffs bring this action for damages under the United States Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the **"FDCPA"**), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, such as those alleged herein.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over the claims asserted herein pursuant to Article III of the United States Constitution, 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d).

3. Venue is proper in this Court under 28 U.S.C. § 1391(b). The majority of Plaintiffs reside in this District. Defendant THE PERRY LAW FIRM, A PROFESSIONAL CORPORATION resides in this District for the purposes of 28 U.S.C. § 1391. The misleading debt collection communications at issue in this litigation were sent to Plaintiffs in Riverside County in this District.

**PARTIES**

4. Plaintiffs TERESA BAKER, TIMOTHY BAKER, LOUIS KASHMERE, DONNA KIRKMAN, DAVID NEWMAN, MALI NEWMAN, DEBBIE PHILLIPS, RUSSELL PHILLIPS, KATHY RANDLE, KERRIE WAITE, REBECCA WALTON, GARY VESS and RICCARDA VESS (herein **"Plaintiffs"**) are individuals. Each of the Plaintiffs brings this action in their individual capacity. Plaintiff LOUIS KASHMERE also brings this action as trustee of the SYLVIA CHMIELEWSKI TRUST DATED 3/7/05. Plaintiff DONNA KIRKMAN also brings this action as trustee of the KIRKMAN FAMILY TRUST. Plaintiff KATHY RANDLE also brings this action as trustee of the KATHY L. RANDLE LIVING TRUST.

5. Defendant THE PERRY LAW FIRM, A PROFESSIONAL LAW CORPORATION (herein the **"Perry Law Firm"**) is, upon information and belief, a

1  California corporation with its principal place of business in Lake Forest, California.
2  Upon information and belief, the Perry Law Firm also has business addresses in
3  Riverside, California and Encinitas, California.  Upon information and belief, the
4  Perry Law Firm's regular practice includes debt collection.

5        6.     The Perry Law Firm maintains a website at perrylaw.us (the **"Perry**
6  **Law Firm Website"**).  True and correct copies of pages from the Perry Law Firm
7  Website, as it existed on August 3, 2015, are attached hereto as **Attachment A**.

8        7.     The Perry Law Firm Website at perrylaw.us stated, as of August 3,
9  2015, that the Perry Law Firm had collected "over $4,000,000 in delinquent
10 assessments for our clients since 2011". *See* Attachment A, Pg. 1.

11       8.     The Perry Law Firm Website at perrylaw.us/about/ stated, as of August
12 3, 2015, that the Perry Law Firm "specializes in all aspects of common interest
13 development ('CID') law, and general business law, including…assessment
14 collection, and post judgment collection." *See* Attachment A, Pg. 2.

15       9.     The Perry Law Firm Website at perrylaw.us/areas-of-law/, as of August
16 3, 2015, listed under "Areas of Law", the following: "Assessment Collection",
17 "Post-Foreclosure Collection", "Collection Following Debtor Bankruptcy", and
18 "Out-of-State Collection". *See* Attachment A, Pg. 3.

19       10.    Defendant LARRY M. ROBERTS (herein **"Roberts"**) is, upon
20 information and belief, an attorney licensed to practice law in the State of California
21 with State Bar Number 107160.  Upon information and belief, Roberts is of counsel
22 to the Perry Law Firm.  Upon information and belief, Roberts' office address is in
23 Lake Forest, California.  Upon information and belief, Roberts' regular practice
24 includes debt collection.

25       11.    The Perry Law Firm Website at perrylaw.us/about/ stated, as of August
26 3, 2015, that Roberts was "Of Counsel to The Perry Law Firm", that "His litigation
27 experience includes…commercial collection", and that he "has assisted clients in
28 recovering millions of dollars". *See* Attachment A, Pg. 4.

12. Defendants DOES 1-10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will amend this Complaint by inserting their true names and capacities herein. Upon information and belief, DOES 1-10, inclusive, materially participated in collecting the alleged debts at issue, exercised control over the affairs of the Perry Law Firm, and/or were personally involved in collection of the debts at issue. Plaintiffs are informed and believes that each of these fictitiously named defendants is responsible in some manner for the occurrences alleged herein and that the damages alleged herein were caused thereby.

13. Upon information and belief, Roberts and DOES 1-10 are now, and at all times mentioned herein were, the agents of the Perry Law Firm or each other and were acting within the course and scope of that agency with the permission, knowledge, consent and ratification of the Perry Law Firm or the other Defendants in doing the things alleged in this Complaint.

14. Upon information and belief, each Defendant is legally responsible in some manner for the events and injuries to Plaintiffs alleged in this Complaint, either through their own conduct or through the conduct of their agents, employees, officers, directors, or other managing agents.

## FACTUAL BACKGROUND

15. Defendants attempted to collect, from Plaintiffs, a debt allegedly owed to the Bear Creek Master Association (herein the **"Bear Creek Association"**). Upon information and belief, the Bear Creek Association is a California non-profit mutual benefit corporation.

16. The alleged debt at issue is for homeowners' association assessments for a common area known as the "Manager's Unit" (herein the **"Debt"**). The Debt allegedly goes back to May of 2008. Upon information and belief, the total amount of the Debt is alleged to be $25,844.79.

COMPLAINT; DEMAND FOR JURY TRIAL   3

17. The Bear Creek Association is currently in litigation against the Oak Tree Loop At Bear Creek Homeowners Association (the **"Oak Tree Loop Sub-Association"**) regarding the Debt. Upon information and belief, the Oak Tree Loop Sub-Association is a California non-profit mutual benefit corporation.

18. The Bear Creek Association has filed a legal action in the California Superior Court for the County of Riverside against the Oak Tree Loop Sub-Association to recover the Debt directly from the Oak Tree Loop Sub-Association. The Case Number for said action is SWC 1400323 (the **"Bear Creek Litigation"**).

19. Defendant Perry Law Firm and Defendant Roberts represent the Bear Creek Association in the Bear Creek Litigation.

20. The Bear Creek Litigation was filed on January 31, 2014.

21. In the Bear Creek Litigation, the Bear Creek Association asserts that the Oak Tree Loop Sub-Association is the owner of the "Manager's Unit" and owes the Debt to the Bear Creek Association.

22. In the Bear Creek Litigation, the Oak Tree Loop Sub-Association has disputed the existence and validity of the Debt.

23. On or about June 10, 2015, the Bear Creek Association amended its Complaint in the Bear Creek Litigation to name Plaintiffs herein as individual defendants in the Bear Creek Litigation. However, Plaintiffs have not yet been served with any complaint in the Bear Creek Litigation.

24. Instead, Defendants sent numerous substantively identical debt collection letters regarding and addressed to Plaintiffs in this District, dated July 15, 2015 (the **"Debt Collection Letters"**). In many cases, Defendants sent multiple Debt Collection Letters to the same Plaintiff, sending up to eight (8) Debt Collection Letters to the same Plaintiff on the same day. A true and correct copy of one of the Debt Collection Letters sent by Defendants is attached hereto as **Attachment B**.

25. The Debt Collection Letters admitted that the Letters and Defendants were subject to the FDCPA. They state, *inter alia*, that "[w]e are the collection firm

for Bear Creek Master Association", make specific reference to "the federal Fair Debt Collections Practices Act", and acknowledge that "[c]ollectors may not use false or misleading statements". *See* <u>Attachment B</u>.

26. The Debt Collection Letters sent to each Plaintiff contained, and Defendants used, false, deceptive, or misleading representations or means in connection with the collection of the alleged Debt, including, <u>but not limited to</u>, the following:

- The Debt Collection Letters fail to disclose that the Debt is disputed;

- The Debt Collection Letters specifically mention the Bear Creek Litigation without disclosing that said litigation is still pending and has not resulted in a judgment;

- The Debt Collection Letters each state "Total Due: $25,844.79" and thereby misrepresent that each Plaintiff allegedly owes the complete amount of the Debt and not any pro-rata share thereof;

- The Debt Collection Letters each state the "Total Due" based upon alleged assessments that go back to May 2008, which is long past the applicable statute of limitations. In the Bear Creek Litigation, Defendants have submitted pleadings stating that the amount of the alleged Debt is $13,940.00. The Debt Collection Letters grossly overstate any "Total Due";

- The Debt Collection Letters state "Your maintenance assessment debt based upon your share of the ownership of the 'Manager's Unit' has been referred to us for collections" without disclosing each Plaintiff's alleged "share" of the Debt;

- The Debt Collection Letters state "The amount above includes the current legal fees and costs associated with this matter" without disclosing the amount of said legal fees or costs, how they were allegedly incurred, each

**COMPLAINT; DEMAND FOR JURY TRIAL**  5

Plaintiff's alleged pro-rata responsibility therefor, or under what contract, authority or law said legal fees or costs may be collected from Plaintiffs;

•   The Debt Collection Letters state "Our charges in the form of legal fees and costs will increase if you do not act promptly to satisfy this debt" and misrepresents that "[t]hese charges and your unpaid assessments may be your personal debt."

•   The Debt Collection Letters state "**NOTICE OF INTENT TO PROCEED WITH LAWSUIT**" and misrepresent "**PLEASE NOTE THAT THE ASSOCIATION INTENDS TO PURSUE AN ACTION AGAINST YOU PERSONALLY AND OBTAIN A PERSONAL JUDGMENT AGAINST YOU THAT MAY BE ENFORCED FOR UP TO TWENTY (20) YEARS AND YOU MAY BE RESPONSIBLE FOR ALL ATTORNEY'S FEES AND COSTS**" (emphasis in original). The Debt Collection Letters fail to disclose that the Bear Creek Association had already filed a lawsuit against Plaintiffs, and Defendants thereby threaten to take future action that had already been and could not be taken in the future;

•   The Debt Collection Letters improperly request from each Plaintiff "a specific proposal for payments that includes our payment plan set up fee of $225.00 plus $25.00 per month for the duration of the plan" and fail to disclose any contract, law or other authority under which Plaintiffs are allegedly obligated to pay said fees; and

•   The Debt Collection Letters fail to contain a statement that if the consumer notifies the debt collector in writing within a thirty (30) day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

See <u>Attachment B</u>.

27. Defendants did not send Plaintiffs any other communication or written notice regarding the alleged Debt after sending the Debt Collection Letters.

28. Plaintiffs hereby notify Defendants that the entirety of the alleged Debt is disputed and, pursuant to 15 U.S.C. § 1692g(a)(4), demand that Defendants cease collection of the Debt, obtain verification of the alleged Debt or any copy of a judgment, and mail a copy of such verification or judgment to Plaintiffs' undersigned counsel.

29. Plaintiffs hereby demand, pursuant to 15 U.S.C. § 1692c(c), that Defendants cease all communications with Plaintiffs.

## FIRST CLAIM FOR RELIEF
### (Fair Debt Collection Practices Act)

30. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 29 of this Complaint as though fully set forth in this Claim for Relief.

31. At all times relevant to this Complaint, Plaintiffs were "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a(3). Plaintiffs are all natural persons who are allegedly obligated to pay a debt.

32. The alleged Debt is a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5). The alleged Debt arises from the purchase of residential property on Oak Tree Loop in Murrieta, California primarily for personal, familial and/or household use. At the time of purchase, none of the properties on Oak Tree Loop out of which the alleged Debt arises were purchased primarily for business or commercial use. The transactions for the purchase of the properties out of which the alleged Debt arises were all primarily consumer in nature.

33. At all times relevant to this Complaint, Defendant the Perry Law Firm was a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6). The Perry Law Firm sent the Debt Collection Letters.

34. Upon information and belief, at all times relevant to this Complaint, Defendant Roberts was a "debt collector" as defined by the FDCPA, 15 U.S.C. §

1 1692a(6). Roberts was also personally involved with the violative conduct alleged herein against The Perry Law Firm and, *inter alia*, signed the Debt Collection Letters.

35. The Debt Collection Letters were "communications" related to a "debt", as defined by 15 U.S.C. § 1692a(2) and 15 U.S.C. § 1692a(5) of the FDCPA.

36. Defendants have violated 15 U.S.C. § 1692d of the FDCPA engaging in conduct, including, but not necessarily limited to sending multiple Debt Collection Letters to the same Plaintiff, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt, as set forth above.

37. Defendants have violated 15 U.S.C. § 1692e of the FDCPA through using a false, deceptive, or misleading representation or means in connection with the collection of any debt, as set forth above.

38. Defendants have violated 15 U.S.C. § 1692e(2)(A) of the FDCPA through falsely representing the character, amount or legal status of a debt, as set forth above.

39. Defendants have violated 15 U.S.C. § 1692e(2)(B) of the FDCPA through falsely representing the services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, as set forth above.

40. Defendants have violated 15 U.S.C. § 1692e(5) of the FDCPA through threatening to take an action that cannot legally be taken or that is not intended to be taken, as set forth above.

41. Defendants have violated 15 U.S.C. § 1692e(8) of the FDCPA through failing to communicate that a disputed debt is disputed, as set forth above.

42. Defendants have violated 15 U.S.C. § 1692e(10) of the FDCPA through the use of a false representation or deceptive means to collect or attempt to collect any debt, as set forth above.

COMPLAINT; DEMAND FOR JURY TRIAL                               8

43. Defendants have violated 15 U.S.C. § 1692f of the FDCPA through using unfair or unconscionable means to collect or attempt to collect and debt, as set forth above.

44. Defendants have violated 15 U.S.C. § 1692f(1) of the FDCPA through attempting to collect an amount incidental to the alleged principal obligation that is not expressly authorized by an agreement creating the alleged debt or permitted by law, as set forth above.

45. Defendants have violated 15 U.S.C. § 1692g(a)(4) of the FDCPA through failing to disclose in their initial communications with Plaintiffs or within five (5) days thereafter, written notice that if the consumer notifies the debt collector in writing within a thirty (30) day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, as set forth above.

46. Upon information and belief, Defendants' conduct and violations of the FDCPA were malicious, intentional, and willful, and Defendants knew or should have known that their conduct was in violation of Plaintiffs' rights under the law. Upon information and belief, Defendants took the unlawful actions set forth herein as licensed attorneys, in part, to circumvent the Bear Creek Litigation and gain an improper advantage therein.

47. Plaintiffs, and each of them, have suffered an injury in fact through, *inter alia*, the actual invasion of a legally protected interest which is concrete and particularized. Defendants failed to comply with the FDCPA with respect to Plaintiffs and Plaintiffs were the objects and targets of Defendants' unlawful and misleading debt collection practices. Defendants have violated Plaintiffs' right to not be the target of unlawful and misleading debt collection communications.

48. Plaintiffs have each been harmed in an amount to be proven at trial. Such harm includes, among other things, emotional distress.

49. As a result of Defendants' above violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Defendants, and each of them, are liable to each Plaintiff for each Plaintiff's actual damages, statutory damages to each Plaintiff of up to $1,000.00, and attorney fees and costs.

50. WHEREFORE, each Plaintiff seeks to recover his or her actual damages, statutory damages of up to $1,000.00, and attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following:

1. Plaintiff TERESA BAKER prays for judgment in her favor and against Defendants, and each of them, in the amount of her actual damages, plus statutory damages of $1,000.00, plus attorney fees and costs, pursuant to 15 U.S.C. § 1692k;

2. Plaintiff TIMOTHY BAKER prays for judgment in his favor and against Defendants, and each of them, in the amount of his actual damages, plus statutory damages of $1,000.00, plus attorney fees and costs, pursuant to 15 U.S.C. § 1692k;

3. Plaintiff LOUIS KASHMERE prays for judgment in his favor and against Defendants, and each of them, in the amount of his actual damages, plus statutory damages of $1,000.00, plus attorney fees and costs, pursuant to 15 U.S.C. § 1692k;

4. Plaintiff DONNA KIRKMAN prays for judgment in her favor and against Defendants, and each of them, in the amount of her actual damages, plus statutory damages of $1,000.00, plus attorney fees and costs, pursuant to 15 U.S.C. § 1692k;

5. Plaintiff DAVID NEWMAN prays for judgment in his favor and against Defendants, and each of them, in the amount of his actual damages, plus statutory damages of $1,000.00, plus attorney fees and costs, pursuant to 15 U.S.C. § 1692k;

1  6.  Plaintiff MALI NEWMAN prays for judgment in her favor and against Defendants, and each of them, in the amount of her actual damages, plus statutory damages of $1,000.00, plus attorney fees and costs, pursuant to 15 U.S.C. § 1692k;

7.  Plaintiff DEBBIE PHILLIPS prays for judgment in her favor and against Defendants, and each of them, in the amount of her actual damages, plus statutory damages of $1,000.00, plus attorney fees and costs, pursuant to 15 U.S.C. § 1692k;

8.  Plaintiff RUSSELL PHILLIPS prays for judgment in his favor and against Defendants, and each of them, in the amount of his actual damages, plus statutory damages of $1,000.00, plus attorney fees and costs, pursuant to 15 U.S.C. § 1692k;

9.  Plaintiff KATHY RANDLE prays for judgment in her favor and against Defendants, and each of them, in the amount of her actual damages, plus statutory damages of $1,000.00, plus attorney fees and costs, pursuant to 15 U.S.C. § 1692k;

10. Plaintiff KERRIE WAITE prays for judgment in her favor and against Defendants, and each of them, in the amount of her actual damages, plus statutory damages of $1,000.00, plus attorney fees and costs, pursuant to 15 U.S.C. § 1692k;

11. Plaintiff REBECCA WALTON prays for judgment in her favor and against Defendants, and each of them, in the amount of her actual damages, plus statutory damages of $1,000.00, plus attorney fees and costs, pursuant to 15 U.S.C. § 1692k;

12. Plaintiff GARY VESS prays for judgment in his favor and against Defendants, and each of them, in the amount of his actual damages, plus statutory damages of $1,000.00, plus attorney fees and costs, pursuant to 15 U.S.C. § 1692k;

13. Plaintiff RICCARDA VESS prays for judgment in her favor and against Defendants, and each of them, in the amount of her actual damages, plus statutory damages of $1,000.00, plus attorney fees and costs, pursuant to 15 U.S.C. § 1692k;

14. Plaintiffs pray for judgment in their favor and against Defendants, and each of them, in the amount of their actual damages, plus statutory damages of $13,000.00, pursuant to 15 U.S.C. § 1692k;

15. Plaintiffs pray for the attorney fees and costs incurred in connection with their claims, pursuant to, *inter alia*, 15 U.S.C. § 1692k;

16. Plaintiffs, and each of them, pray for such further relief as the Court deems just and equitable.

**The filer of this document attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.**

Dated: August 14, 2015

Respectfully submitted by,

GREGORY M. GARRISON, APC

 /s/ Gregory M. Garrison
Gregory M. Garrison (SBN 165215)

9255 Towne Centre Drive, Suite 500
San Diego, California 92121
Telephone: (619) 708-1623
greg@garrisonapc.com

LAW OFFICE OF ALEX PAPAEFTHIMIOU

/s/ Alexander E. Papaefthimiou
Alexander E. Papaefthimiou (SBN 236930)

215 E. Daily Drive, Suite 28
Camarillo, California 93010
Telephone: (805) 366-3909
Facsimile:  (805) 585-5410
alex@aplitigation.com

1 **DEMAND FOR JURY TRIAL**

Pursuant to, *inter alia*, Amendment VII to the United States Constitution and Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action triable by a jury.

**The filer of this document attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.**

Dated: August 14, 2015

                                              Respectfully submitted by,

                                              GREGORY M. GARRISON, APC

                                              <u>/s/ Gregory M. Garrison</u>
                                              Gregory M. Garrison (SBN 165215)

                                              9255 Towne Centre Drive, Suite 500
                                              San Diego, California 92121
                                              Telephone: (619) 708-1623
                                              greg@garrisonapc.com

                                              LAW OFFICE OF ALEX PAPAEFTHIMIOU

                                              <u>/s/ Alexander E. Papaefthimiou</u>
                                              Alexander E. Papaefthimiou (SBN 236930)

                                              215 E. Daily Drive, Suite 28
                                              Camarillo, California 93010
                                              Telephone: (805) 366-3909
                                              Facsimile:  (805) 585-5410
                                              alex@aplitigation.com